UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-82381-CIV-MARRA

RICKY BENJAMIN, and
ALICE BENJAMIN, his wife,

    Plaintiffs,

vs.

HOME DEPOT U.S.A., INC.,

    Defendant.
_____/

**OPINION AND ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANT'S MOTION TO STRIKE**

THIS CAUSE came before the Court on Defendant's Home Depot U.S.A., Inc., Motion for Partial Summary Judgment on Plaintiff, Ricky Benjamin's, Causes of Action for Negligent Supervision and Premises Liability, and Claims for Future Medical Expenses and Loss of Future Earning Capacity [DE 48] and Defendant Home Depot U.S.A., Inc's Motion to Strike Plaintiff Ricky Benjamin's Claims for Loss of Future Earning Capacity & Future Medical Expenses [DE 38]. The motion for partial summary judgment is fully briefed and ripe for review. The Court has reviewed the motions, response, and reply, the entire file in this case, and is otherwise duly advised in the premises.

**I. The Amended Complaint**

Plaintiffs Ricky Benjamin and Alice Benjamin filed an amended complaint alleging negligence and loss of consortium [DE 1]. In the general allegation section of the amended complaint, Plaintiffs assert,

1

9. At all times material, and based upon information and belief, the Defendant, Delacruz, was employed by the Defendant, Home Depot, and working at the Home Depot Store and operating one of the Defendant, Home Depot's forklifts with the full consent and knowledge of the Defendant, Home Depot.

10. At all times material, the Defendant, Home Depot, owed certain duties to the Plaintiff, R. Benjamin, a business invitee, including, but not limited to:

   a. using reasonable care in maintaining its premises in a reasonably safe condition;

   b. using reasonable care in the Defendant, Home Depot's employee, the Defendant, Delacruz's use of the forklift;

   c. supervising the Defendant, Home Depot's employee, the Defendant, Delacruz's use of the forklift;

   d. using reasonable care in maintaining its premises in a reasonably safe condition; and

   e. Warning the Plaintiff, R. Benjamin, of concealed perils that are or should have been known to the Defendant, Home Depot, and that was unknown to the Plaintiff, R. Benjamin, and could not have been discovered through the exercise of due care.

11. At all times material, the Defendant, Delacruz, owed certain duties to the Plaintiff, R. Benjamin, a business invitee, including, but not limited to:

   a. using reasonable care in maintaining its premises in a reasonably safe condition;

   b. using reasonable care in the Defendant, Delacruz's use of the Defendant, Home Depot's forklift in the presence of the Plaintiff, R. Benjamin; and

   c. giving the Plaintiff, R. Benjamin, warning of concealed perils that are or should be known to the Defendant, Delacruz, and that were unknown to the Plaintiff, R. Benjamin, and cannot be discovered through the exercise of due care.

12. On or about September 5, 2007, the Defendants, Home Depot and Delacruz, breached the aforementioned duties and were negligent.

***
**Count One (Ricky Benjamin)**

16. The Plaintiff, R. Benjamin, realleges paragraphs 1 through 15.

17. The Plaintiff, R. Benjamin, brings this action against and sues the Defendants, Home Depot and Delacruz, for damages in excess [sic] Fifteen Thousand Dollars ($15,000.00), exclusive of costs, interest, and a reasonable attorneys' fees based upon negligence.

18. As a direct and proximate result of the Defendants, Home Depot and Delacruz's negligence, the Plaintiff, R. Benjamin, suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expenses of medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing, and the Plaintiff, R. Benjamin, will suffer these losses in the future.

***
[DE 1]

## II.  Standard of Review for motion for summary judgment

Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56( c). The moving party bears the initial responsibility of showing the court, by reference to the record, that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the non-moving party bears the burden of proof on an issue, the moving party may discharge its burden by showing that the materials on file demonstrate that the party bearing the burden of proof at trial will not be able to meet its burden. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a moving party has discharged its burden, the nonmoving party must "go beyond

the pleadings," and, by its own affidavits or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. When deciding whether summary judgment is appropriate, the Court must view the evidence and all reasonable factual inferences therefrom in the light most favorable to the party opposing the motion. *Witter v. Delta Air Lines, Inc.*, 138 F.3d 1366, 1369 (11th Cir. 1998) (citations and quotations omitted).

### III. Discussion

The parties have conceded that summary judgment should be granted as to Plaintiff Ricky Benjamin's claims for loss of future medical expenses and loss of future earning capacity. Therefore, Defendant's Motion to Strike these claims is deemed moot.

With respect to the negligent supervision and premises liability allegations, Defendant argues that there is no evidence to support these claims, so partial summary judgment should be granted in its favor. [DE 48, 52]. Plaintiffs contend that they never actually alleged counts for negligent supervision or premises liability in the complaint, but rather made a claim for simple negligence. [DE 50]. Plaintiffs also argue that they would have had evidence to support Defendant's negligent supervision and premises liability had Defendant cooperated with their timely request to take the deposition of Home Depot's corporate representative. [DE 50].

Defendant is correct that Plaintiffs have thus far provided no evidence to support premises liability or negligent supervision causes of action. The Court rejects Plaintiffs' argument regarding their failure to take Defendant's corporate representative's deposition. Plaintiff never sought to compel the taking of the deposition during discovery which is now closed. DE 8 at 2. Therefore, they cannot now be heard to complain of a lack of evidence. The

Court notes, however, that while Plaintiffs cannot pursue premises liability or negligent supervision claims, they are not precluded from introducing evidence at trial relevant to their negligence claim, even if it also might have been relevant to properly pled negligent supervision or premises liability claims.

## IV.  Conclusion

Based on the foregoing, it is hereby ORDERED AND ADJUDGED that Defendant's Home Depot U.S.A., Inc., Motion for Partial Summary Judgment on Plaintiff, Ricky Benjamin's, Causes of Action for Negligent Supervision and Premises Liability, and Claims for Future Medical Expenses and Loss of Future Earning Capacity [DE 48] is GRANTED consistent with this order.  In addition, Defendant Home Depot U.S.A., Inc's Motion to Strike Plaintiff Ricky Benjamin's Claims for Loss of Future Earning Capacity & Future Medical Expenses [DE 38] is DENIED AS MOOT.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of January, 2011.

_____
KENNETH A. MARRA
United States District Court

Copies furnished to:
all counsel of record